1
2
3
4
5
6
7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9
County of Sutter,              )      2:07-cv-1214-GEB-KJM
10                              )
                Plaintiff,      )      ORDER*
11                              )
        v.                      )
12                              )
Liberty Real Estate Management, )
13 Inc., a California corporation,)
Meridian Media Group, LLC, a    )
14 California Limited Liability   )
Company, and DOES 1 through 10, )
15                              )
                Defendants.     )
16 _____)

17        Plaintiff moves to remand this case to state court, arguing

18 federal subject matter jurisdiction is lacking.  Defendants counter

19 that federal question jurisdiction exists.  For the reasons stated

20 below, the remand motion will be granted.

21        Plaintiff filed its Complaint in state court alleging that

22 Defendants have placed one or more billboards on property owned by

23 Defendant Liberty Real Estate Management, Inc., in violation of Sutter

24 County zoning code.  Plaintiff also seeks costs of suit under

25 California Government Code section 54988.  Defendants argue in their

26 Notice of Removal to federal court, filed June 20, 2007, that this

27 _____

28        *This matter was determined to be suitable for decision
without oral argument.  L.R. 78-230(h).

1

court has original jurisdiction under 28 U.S.C. § 1331 because the action arises under the First Amendment of the United States Constitution ("federal question").  The federal question issue is only raised in Defendants' Answer, filed June 22, 2007, where Defendants allege as an affirmative defense that the Zoning Code is unconstitutional because it violates their First amendment rights.

An action may be removed to federal court only if it could have been brought there originally.  28 U.S.C. § 1441(a).  Defendants bear the burden of establishing federal jurisdiction, "and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "A case may *not* be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

Since Plaintiff's claims are asserted under a county ordinance and state statutes, and the sole federal question in this action is Defendants' affirmative defense in which they challenge the constitutionality of the zoning code, the federal court lacks federal question jurisdiction. Therefore, this action will be remanded.

Plaintiff seeks $1,321.60 in costs and attorney's fees under 28 U.S.C. § 1447(c) which were incurred as a result of the removal. Under section 1447(c), "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The rationale authorizing this award of costs follows: "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corporation et al., 546, U.S. 132 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(C) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141.

Since the requirements of the well-pleaded complaint rule are clear and well-settled, and Defendants have not asserted a reasonable basis for removal, Plaintiff will be awarded attorney's fees; however, not in the amount sought. The amount Plaintiff seeks includes anticipated time at oral argument on the remand motion, but the motion was not argued at a hearing because it was submitted for decision. Plaintiff's award will be reduced accordingly.

For the above stated reasons, this action is remanded to the Superior Court for the County of Sutter, and Plaintiff is awarded $1,153.60 in attorney's fees.

IT IS SO ORDERED.

Dated:  October 22, 2007

GARLAND E. BURRELL, JR.
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28